**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DIVISION OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FRANK HAYDEN,** | )( | **Civil Action No.:** |
| | )( | **(Jury Trial)** |
| *Plaintiff,* | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **CIRCLE K STORES, INC.,** | )( | |
| | )( | |
| *Defendants.* | )( | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COMES Plaintiff **FRANK HAYDEN** complaining of CIRCLE K STORES, INC. and will show the Court the following:

**NUTSHELL**

1. A Circle K Store clerk, a white Caucasian, refused to sell Frank Hayden, an African-American, several items from a Houston Circle K Store on two separate occasions. On the second occasion the Circle K Store clerk referred to Frank as the "N-word" and the "F-word N-word." Plaintiff sues under 42 USC Section 1981 and state law. Plaintiff Hayden has other information as well.

**JURISDICTION AND VENUE**

2. This action arises under the United States Constitution, particularly the Fourteenth Amendment and subsequent remedial legislation enacted pursuant thereto as codified in 42 U.S.C. § 1981, 1988, and 2000a to a(6), as well as under Texas law, including the Texas Constitution and Texas common law due to Circle K. Stores unconscionable discriminatory conduct.

3. Venue is proper in the Southern District of Texas because of the acts giving rise to Plaintiff's

claims occurred in this District.

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331, 1332(a), 1343, and 42 U.S.C. § 1981, 1988, and 2000a to a(6).

## PARTIES

5. Plaintiff Frank Hayden is a resident of Harris County, Texas.

6. Defendant Circle K Stores, Inc. is an Arizona Corporation authorized to do business in Texas with its principal corporate offices located in Tempe, Arizona. Target can be served with process by serving its registered agent, Corporation Service Company DBA-CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin 78701-3218.

## ADDITIONAL FACTS

7. Plaintiff Frank Hayden, 25, is an African American male and lives in Houston, Texas, having recently moved from Nebraska.

8. There is a Circle K convenience store and gas station in Frank's neighborhood located at 8191 Barker Cypress Road, Houston, Texas.

9. Frank went to the Circle K store often to buy tobacco products. On these occasions the clerks would sometimes ask Frank for his ID and Frank would produce his valid Nebraska ID card. The clerks would then let Frank purchase the tobacco products.

10. A Nebraska state-issued ID card looks very much like a Nebraska driver's license, just as they do in Texas. See sample Nebraska ID card:

*Plaintiff's Original Complaint*                                                                              2



11. In late July 2020 Frank went to buy tobacco products at The Circle K store just as on the prior occasions. This Clerk asked for Frank's ID and Frank produced his Nebraska ID as he had on the other occasions. The Clerk stated she would not take the ID. Frank informed her the other clerks took his ID with no problems. The Clerk stated those are her rules.

12. Frank left the store unable to purchase the tobacco products.

13. The next day Frank returned to the Circle K store and informed the clerk working about his experience with the The Clerk the night before and bought the tobacco. The clerk stated that Nebraska IDs are accepted and that she would inform The Clerk that the Nebraska ID is acceptable.

14. Several days later on September 1, 2020 Frank stopped by the Circle K store to buy tobacco products.

15. Frank approached the counter where The Clerk was working and asked for his usual tobacco products. The Clerk stated that they did not have that product, however, Frank could plainly

see the product on the shelf behind The Clerk.

16. Frank pointed out the tobacco product to The Clerk. The Clerk then asked Frank for his ID and Frank produced his Nebraska ID. The Clerk looked at the ID and then put the tobacco products on the counter in front of Frank for purchase.

17. Frank then mentioned to The Clerk that last time she did not accept the Nebraska ID. The Clerk then snatched the tobacco products back and would not let Frank purchase them. Frank then mentioned that the other clerk stated the Nebraska ID was okay to use.

18. The Clerk still did not allow the purchase. The Clerk then at some point said the F-word and N-word referring to Frank. This caused Frank to become justifiably angry. Frank then moved to leave the store. As Frank left The Clerk said "F#$%in N-word."[1]

19. These events have caused Frank great sadness, shame, fear, lost sleep, and other mental anguish.

## CAUSE OF ACTION - 42 U.S.C. § 1981

20. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

21. Defendant intentionally or consciously engaged in the aforementioned conduct in violation of 42 U.S.C. § 1981.

22. Plaintiff is (1) a member of a racial minority; (2) there was an intent to discriminate against her on the basis of race by Defendants; and (3) the discrimination concerns one or more of the activities enumerated in 42 USC § 1981 including, but not limited to, the right to make and enforce contracts on the same basis as white citizens.

---

[1] A customer used his cell phone to record The Clerk using the racial slur when referring to Frank.

*Plaintiff's Original Complaint*  4

23. Circle K Stores is directly and/or vicariously liable for the acts of its employees identified in this suit.

## CAUSE OF ACTION - 42 U.S.C. § 2000a to a(6)

24. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

25. Defendant intentionally and/or consciously engaged in the aforementioned conduct, policies, and customs in violation of 42 U.S.C. § 2000a to a(6).

26. Plaintiff is (1) a member of a racial minority; (2) there was an intent to discriminate against her on the basis of race by Defendants; and (3) the discrimination occurred at a public accommodation – specifically, that Plaintiff was discriminated against by being prevented from purchasing products at a Circle K store.

## NEGLIGENCE

27. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein

28. Pleading in the alternative that Circle K Stores had a duty to use ordinary care in its training, hiring, and supervision of their employee. Circle K breached that duty causing Plaintiff damages.

## CAUSE OF ACTION – TEXAS CONSTITUTION and LAW

29. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

30. Defendant intentionally and/or consciously discriminated against Plaintiff on the basis of race and, as such, violated Section 3a of the Texas Constitution.  Defendant is liable by way of its policies and practices, as well as being directly liable for the conduct of its employees for the racial discrimination detailed above.

## UNCONSCIONABLE CONDUCT

31. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

32. Defendant engaged in unconscionable conduct by way of its policies and practices, as well as being directly liable for the unconscionable conduct of its employees, for the racial discrimination detailed above.

## JURY TRIAL

33. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

     A.     Enter judgment for the plaintiff and against the defendants holding them jointly and severally liable;

     B.     Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

     C.     Award damages to Plaintiff for the violations of his Constitutional rights;

     D.     Award Pre- and post-judgement interest;

E.      Award Punitive damages against defendants, and

F.      Grant such other and further relief as appears reasonable and just, to which plaintiff

shows herself entitled.

Respectfully Submitted,
Kallinen Law PLLC

*/s/ Randall L. Kallinen*
Randall L. Kallinen
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:      713.783.2677
FAX:            713.893.6737
E-mail:         AttorneyKallinen@aol.com
Attorney for Plaintiff